IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RALEIGH BUIE JR., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. |
| CHICAGO POLICE OFFICERS ) | |
| ) | FILED: SEPTEMBER 1, 2008 |
| C. Eichman (star #19990), ) | 08CV4962 |
| ) | JUDGE KOCORAS |
| John Doe (star #18376), ) | MAGISTRATE JUDGE ASHMAN |
| ) | TG |
| and the CITY OF CHICAGO, ) | |
|    Defendants. ) | |

## Civil Complaint

NOW COMES the Plaintiff, Raleigh Buie, by and through his attorneys, the Law Office of Brendan Shiller, LLC, complaining of the Defendants, Chicago Police Officers Clark Eichman (star #19990), John Doe (star #18376), and the City of Chicago, and in support thereof states as follows:

### Introduction

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. In sum, Defendant Officers stopped Plaintiff's vehicle without a lawful basis and searched his vehicle and person without probable cause or any indicia of reasonable suspicion that he was engaged in any sort of criminal activity and caused him to be detained in the dangerous and

1

inhumane conditions of the Cook County Department of Corrections for five (5) days. Plaintiff has been harmed significantly by the unconstitutional acts of Defendant Officers.

## Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States. Venue is proper under 28 U.S.C. § 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

## The Parties

3. Plaintiff Raleigh Buie is a United States citizen who lives at 124 E. 103rd Place in Chicago, Illinois.

4. Defendant Officers C. Eichman (star #19990) and John Doe (star #18376), are present or former employees of the City of Chicago Police Department. At all times relevant to the complained of incident, Defendants Officers acted under their scope of employment and under the color of law.

5. Defendant City of Chicago is a municipal corporation organized under laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. The City of Chicago was and is the public employer of Defendants Officers.

**Background Facts**

6. Around noon on March 19, 2008, Raleigh Buie left his job at 4 Aces Tire Shop at 10952 S. Michigan in Chicago, to go home for lunch, approximately five blocks away.

7. When Plaintiff arrived home, he went into his apartment, ate lunch and left out approximately 25 minutes later.

8. During this time, there were no visitors to his apartment, no one else was present in the home and Buie did not see anyone outside on the street, nor any of his neighbors, who occupy other apartments in the building.

9. Plaintiff got back into his car and drove down Indiana Avenue, towards his job.

10. Plaintiff saw police behind him at 107th and Indiana, approximately three blocks from his home.

11. When Plaintiff's vehicle was approaching 109th and Indiana, where he was going to turn to return to work, Defendant Officers curbed his vehicle.

12. When Defendants approached his vehicle, Buie was wearing his seatbelt and provided his driver's license and proof of insurance when they were requested.

13. After receiving his driver's license and insurance card, without returning to the police vehicle check for warrants or the validity of the license, Defendants opened the door of the vehicle and pulled Plaintiff out of the car and placed him at the back of his car, with his hands on the trunk of the car.

14. When Plaintiff inquired as to why he had been pulled over, Defendant Officers told him that it was because he left his apartment and they had been watching a house on his block.

15. Defendant Officers then searched Plaintiff's vehicle and claimed to have found a small amount of marijuana.

16. Defendants then handcuffed Plaintiff and transported him to the Chicago Police Department located at 111th and Ellis.

17. Once at the police station, Defendants placed Plaintiff in an interrogation room and questioned him extensively about crack cocaine.

18. Plaintiff Buie repeatedly told Defendants that he did not sell drugs, could not tell them where to get crack from or who was selling crack.

19. Plaintiffs then processed Raleigh Buie and for the first time, he heard Defendants say something about him running a stop sign.

20. As further indicia of the pre-textual nature of the traffic ticket claiming that Plaintiff had failed to stop at a stop sign, the ticket that Defendant Eichman issued, was filled out incompletely and failed to even include a court date and contends that Defendants observed Plaintiff run a stop sign, and waited while he drove three (3) additional blocks to curb his vehicle and never validated his driver's license or insurance information.

21. Defendant Eichman swore out a criminal complaint against Plaintiff for Possession of Cannabis with Intent to Deliver within 1000 feet of a school.

22. Plaintiff was transported to Cook County Jail and remained in custody until his bond of $3500 was raised by family members on March 24, 2008.

23. When Plaintiff went to court at 26th & California on April 10, 2008, his case was transferred back to the branch court at 111th & Ellis.

24. Plaintiff continued to remain in constructive custody, under the confines of pre-trial conditions of bond until the case was dismissed when Plaintiff went to court on Monday, April 14, 2008, his case and the charges were dismissed against him.

25. As a result of his incarceration at Cook County Jail, Plaintiff was terminated from his job at 4 Aces Tire Shop.

### **Count 1—Unlawful Search and Seizure**

26. Plaintiff re-alleges and reincorporates all previous paragraphs as though fully set forth herein.

27. As described above, the Defendant Officers, acting under color of law, conducted an unconstitutional stop, search and seizure of Raleigh Buie Jr in violation of his rights pursuant to the U.S. Constitution, Fourth, Fifth and Fourteenth Amendment.

28. More specifically, Defendant Officers stopped, searched and arrested Raleigh Buie Jr. without probable cause, a warrant for his arrest, reasonable suspicion, or any true belief or indicia that he had committed any crime.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the constitutional rights and innocence of Plaintiff.

30. WHEREFORE, as a result of Defendant Officers' unconstitutional stop, search and seizure, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish, he requests actual, punitive

and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### **Count 2--Intentional Infliction of Emotional Distress**

31. Plaintiff re-alleges and reincorporates all previous paragraphs as though fully set forth herein.

32. The acts and conduct of Defendant Officers as set forth above were extreme and outrageous.

33. Particularly, the conduct of Defendant Officers in pulling Plaintiff over, without any moving violation or reasonable suspicion or probable cause, and causing him to be charged in spite of knowledge that alleged evidence was the product of an illegal stop and search was reasonably calculated to cause immense emotional distress to Plaintiff Raleigh Buie Jr.

34. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

35. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

36. Said actions and conduct did directly and proximately cause Plaintiff to suffer various severe emotional and physical problems.

37. Said actions and conduct caused Raleigh Buie Jr. extensive grief and suffering, in that, he was incarcerated in Cook County Jail, in inhumane conditions, fear of losing his life, or contracting deadly illness.

6

38. As a result of the emotional distress, Plaintiff experienced unusual weight loss of approximately fifteen (15) pounds from the time he was arrested and continues to experience nightmares, day-mares and irrational apprehension of law enforcement.

39. WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, awarding actual, punitive, and compensatory damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

### Count 3-Malicious Prosecution

40. Plaintiff incorporates and realleges all previous paragraphs.

41. The Defendant Officers maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of a criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

42. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

43. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of this criminal charge.

44. The charge was dismissed in April of 2008.

45. Plaintiff was injured, including emotional and physical damage, lost wages, legal fees, traumas, humiliation, loss of liberty, mental distress and anguish.

46. WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

### Count 4—State Claim Respondent Superior

47. Plaintiff re-alleges and reincorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

48. In committing the acts alleged, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

49. Defendant City of Chicago is the employer of the Defendant Officers.

50. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

51. As a proximate cause of Defendant Officer's unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

52. WHEREFORE, Plaintiff demands judgment against Defendants City of Chicago for substantial compensatory damages, plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

_____
Brendan Shiller

Law Office of Brendan Shiller, LLC
4554 N. Broadway, Suite 325
Chicago, IL 60640
773.704.6396
ARDC: 6279789